**DODGER'S BAR & GRILL, d/b/a Bonita Flats Saloon, et al., Plaintiffs,**

v.

**The JOHNSON COUNTY BOARD OF COMMISSIONERS, et al., Defendants.**

**Civ. A. No. 92–2289–EEO.**

United States District Court, D. Kansas.

May 15, 1995.

Davidson, Tammy Scheumeister, Anita Bower, Marley Weston, Suzy Kelly, Rachal Workman, Brooke Utz, Debra Maness, Gena Lilly, Laurie Boyer, Shelley Stewart, Vicki Smith, Jessica Allen, Deanna Hurst, Brenda Shook, Cyndi Schmidt, Susan Prince, Kristi Martin, Angela Thomas, Desiree Edwards, Orissa Hanson, Jackie Arnett, Robin Packard, Nicole Hestand, Jana Sullins, Nancy Sesler, Hester Ramey, Lewana Duncan, Sandy Watson, Chrissie Malloy, Tina L. Smith.

LeeAnne Hays Gillaspie, Johnson County Legal Dept., Olathe, KS, for defendants Johnson County Bd. of County Com'rs, Johnna (NMI) Lingle, Chair, Sue E. Weltner, Bruce R. Craig, Murray L. Nolte, Dan (NMI) Hosfield, Johnson County Com'rs, Paul (NMI) Morrison, Johnson County Dist. Atty.

Lawrence L. Ferree, III, Ronald C. Rundberg, Ferree & Bunn, Chtd., Overland Park, KS, for defendant Fred Allenbrand, Johnson County Sheriff.

Brock R. Snyder, Law Office of Brock R. Snyder, Topeka, KS, John B. Williams, Robert Beaird, Kansas City, MO, for plaintiffs Dodger's Bar & Grill, Inc., a Corp. dba Bonita Flats Saloon, Rhondi Davis, Sheila King, Elizabeth Lucas, Rhonda Wheeler, Serena Parker, Melissa Jones, Melissa Finney, Cheri

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This is an action brought by the plaintiffs, pursuant to 42 U.S.C. § 1983, seeking injunctive relief and declaratory judgment prohibiting the defendants from enforcing Chapter 2 of the Johnson County Adult Entertainment Code ("Adult Entertainment Code" or "AEC"), Resolution 68–92.[1] The case, which also included a challenge to Chapter 1 of the Adult Entertainment Code, Resolution 67–92,[2] was tried to the court on January 25–26, 1993.

On February 17, 1993, the court upheld Resolution 67–92 as constitutional and entered judgment for defendants. *Dodger's Bar & Grill v. Johnson County Bd. of County Comm'rs*, 815 F.Supp. 399, 401–04 (D.Kan. 1993). The court did not, however, address plaintiffs' challenge to Chapter 2 of the Adult

---

1. Resolution 68–92 restricts certain acts within 1,000 feet of any licensed or business premises covered by the AEC.

2. Resolution 67–92 prohibits certain conduct within a premises licensed to sell or serve alcoholic beverages.

Entertainment Code, Resolution 68–92. *Id.* at 401.

On appeal, the Tenth Circuit affirmed as to Resolution 67–92, but remanded the case for a determination of constitutionality of Resolution 68–92. *Dodger's Bar & Grill, Inc. v. Johnson County Bd. of County Comm'rs,* 32 F.3d 1436, 1445 (10th Cir.1994).

The court made extensive findings of fact and conclusions of law in our order of February 17, 1993. *Dodger's Bar,* 815 F.Supp. at 400–01. To the extent relevant, those findings of fact and conclusions of law are incorporated herein. In addition, after considering all the evidence from trial and the supplemental briefs submitted by the parties, the court is now prepared to rule on plaintiffs' challenge to Resolution 68–92.

Plaintiffs challenge the constitutionality of the following clause of the resolution:

> ... nor shall any person allow or permit such acts prohibited by Chapter 1 to occur in any room, building premises or place within 1,000 feet of a licensed premises or other business premises covered by this Chapter.

Adult Entertainment Code, Resolution 68–92, Chapter 2, Article III, Section 5 (1992). We must determine whether the challenged portion of Section 5 of Resolution 68–92 is unconstitutional on its face. Plaintiffs claim that it violates their First and Fourteenth Amendment rights and is unconstitutionally overbroad and vague.

### 1. The Twenty-first Amendment

We upheld Resolution 67–92 of the Adult Entertainment Code under the Twenty-first Amendment. *Dodger's Bar,* 815 F.Supp. at 401–03. The Tenth Circuit affirmed stating:

> Put simply, this is a case primarily about regulating the service of alcohol in nude bars and clubs, not about censoring artistic performance. It is a well-established constitutional principle that "the States, vested as they are with general police power, require no specific grant of authority in the Federal Constitution to legislate with respect to matters traditionally within the scope of the police power."

*Dodger's Bar,* 32 F.3d at 1441 (quoting *California v. LaRue,* 409 U.S. 109, 114, 93 S.Ct. 390, 395, 34 L.Ed.2d 342 (1972)). Clearly, states have authority under the Twenty-first Amendment to enact laws that regulate business establishments offering sexually-oriented entertainment along with dispensation of liquor by the drink on the same premises. *See, e.g., California v. LaRue,* 409 U.S. 109, 118, 93 S.Ct. 390, 397, 34 L.Ed.2d 342 (1972); *New York Liquor Authority v. Bellanca,* 452 U.S. 714, 717, 101 S.Ct. 2599, 2601, 69 L.Ed.2d 357 (1981); *Dodger's Bar,* 32 F.3d at 1441.

Plaintiffs argue that because Section 5 of Resolution 68–92 prohibits conduct beyond the interior boundaries of a liquor establishment, the Twenty-first Amendment may not be invoked to authorize the regulation. They argue that under *Bellanca,* 452 U.S. 714, 101 S.Ct. at 2600, and *LaRue,* 409 U.S. 109, 93 S.Ct. at 392–93, only conduct within the premises of a liquor establishment may be regulated under the Twenty-first Amendment.

We do not read *LaRue* or *Bellanca* to limit the reach of the Twenty-first Amendment to the physical area inside the premises of an establishment which sells liquor, but rather to require that the regulated area have a reasonable relationship to the premises where liquor is sold. In *Bellanca,* the Supreme Court contrasted a regulation which applied only to "establishments which are licensed by the State to serve liquor" from an ordinance considered in *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975), which prohibited females from appearing topless in "any public place." *Bellanca,* 452 U.S. at 716, 101 S.Ct. at 2601. The court upheld the *Bellanca* ordinance as a constitutional exercise of the state's police power. *Id.* at 718, 101 S.Ct. at 2601–02. We believe the Supreme Court's holdings in *LaRue* and *Bellanca* can properly be extended to permit regulation under the Twenty-first Amendment of areas within close proximity to a liquor establishment.

In the instant case, the focal point of Resolution 68–92 is the premises on which alcohol is served. As such, the regulated

area bears a reasonable relationship to the liquor establishment. Our review of Resolution 68–92 is, therefore, properly framed by the Twenty-first Amendment.

■■■ Having determined that Resolution 68–92 may be reviewed under the Twenty-first Amendment, we now turn to whether the resolution is a constitutional exercise of state police power. Under the Twenty-first Amendment, as long as the resolution does not impinge upon a "fundamental right," defendant need only articulate a rational basis for the regulation. *See Bowers v. Hardwick*, 478 U.S. 186, 196, 106 S.Ct. 2841, 2846–47, 92 L.Ed.2d 140 (1986). The Supreme Court has not recognized a fundamental right to either unrestrained nude dancing or sexually-oriented behavior in all settings. *See Dodger's Bar*, 32 F.3d at 1441. Therefore, the county need only articulate a rational basis for their exercise of police power. *Id.*

■■■ The defendants assert two bases for Article III, Section 5 of Resolution 68–92. First, they contend that the primary purpose of this portion of the resolution is to prohibit bar owners, entertainers, or others from setting up a trailer, recreational vehicle, or other separate structure to facilitate conduct that is otherwise prohibited inside the licensed premises by Resolution 67–92. Second, they assert that the challenged portion of Resolution 68–92 is designed to prevent the same secondary effects discussed with regard to Resolution 67–92.

The Tenth Circuit held that these secondary effects provide a rational basis for Resolution 67–92:

> Evidence of assaults, batteries, drug deals, and inappropriate intimate conduct between nude dancers and patrons at the plaintiffs' clb [sic] combined with the fears of Johnson County residents about their personal safety provide a rational basis to justify the challenged regulation.

*Dodgers Bar*, 32 F.3d at 1441. In addition, we noted in our prior opinion that many of the safety concerns of Johnson County residents relate to behavior occurring outside the "licensed premises":

> The neighbors' complaints included at least one incident of a patron urinating in the parking lot outside the club, club patrons shouting obscenities to passers-by, damage to fences, gates, and other property, and drunk drivers on the roads. Neighbors also told the Board that men leaving the club would follow them in their cars.

*Dodger's Bar*, 815 F.Supp. at 400.

We conclude that the county's stated concerns over enforcement and secondary effects establish a rational basis for the 1,000-foot provision extending the AEC to conduct occurring outside, but within reasonable proximity to, a "licensed premises." Accordingly, the challenged portion of Section 5 of Resolution 68–92 does not violate the United States Constitution.

### 2. Overbreadth

■■ The overbreadth doctrine permits a plaintiff, who is otherwise without standing, to challenge a statute on the ground that it purports to inhibit constitutionally protected speech or behavior by reaching protected, as well as unprotected, conduct. *Broadrick v. Oklahoma*, 413 U.S. 601, 610, 93 S.Ct. 2908, 2914–15, 37 L.Ed.2d 830 (1973). We must determine whether the challenged portion of Resolution 68–92 "reaches a substantial amount of constitutionally protected conduct." *Dodger's Bar*, 32 F.3d at 1442 (citation omitted). If the resolution does not infringe upon such conduct, plaintiffs' overbreadth challenge will fail. *Id.*

■■■ Application of the overbreadth doctrine is "manifestly, strong medicine," which must be used sparingly. *Broadrick v. Oklahoma*, 413 U.S. at 613, 93 S.Ct. at 2916. "Facial overbreadth has not been invoked when a limiting construction has been or could be placed on the challenged statute." *Id.* at 610, 93 S.Ct. at 2914–15 (citations omitted). Thus, when a limiting construction is available, which removes the deterrent to constitutionally protected expression, a challenge for facial overbreadth will fail. *Id.*

■■ Plaintiffs argue that Resolution 68–92 is overbroad because the "any person" language impermissibly infringes protected constitutional rights of people who have no connection to the liquor establishment except that they happen to be present within 1,000

feet of it. Further, they contend that the statute could be violated by someone who was within 1,000 feet of the premises and knew that prohibited sexual conduct was occurring, but failed to prevent it.

We embrace a much more narrow construction of Resolution 68–92 than that urged by plaintiffs. We agree with defendants that the words "allow or permit" contemplate an element of control. Further, the term "any person" can be read as limited to "operators,"[3] "entertainers,"[4] or "patrons"[5] of the regulated establishment. The AEC is clearly directed at regulating the conduct of operators, entertainers, and patrons of establishments which sell liquor for on-premises consumption.

In context, "any person" who "allows or permits" can be construed to be limited to persons who have some nexus to the licensed premises and are also in a position of control over the commission of the prohibited acts on or about the premises. Thus, Resolution 68–92 may be construed not to reach members of the population in general who engage in otherwise prohibited acts within 1,000 feet of the premises. Similarly, the resolution does not impose an obligation on anyone not in a position of control to prevent the commission of prohibited acts on or about a licensed premises.

"Even if one can conceive of some impermissible applications of the [provision], that alone is not sufficient to make a successful overbreadth challenge." *Dodger's Bar*, 32 F.3d at 1436, 1443 (quoting *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984)). In conclusion, plaintiffs' overbreadth challenge to Resolution 68–92 fails.

### 3. Equal Protection

■ Plaintiffs argue that if "persons" is construed to distinguish between patrons and nonpatrons, Resolution 68–92 violates the Equal Protection Clause of the Constitution. They contend that there is no rational basis for treating a bar patron who engages in intercourse in the parking lot any differently than an individual who did not patronize the bar but who engages in intercourse within 1,000 feet of the bar. They argue that prohibiting otherwise protected conduct within the 1,000 feet is arbitrary and, therefore, unconstitutional.

Resolution 68–92 does not violate the Equal Protection Clause of the Constitution. The county's regulation of the conduct of bar patrons within the immediate perimeter of the bar is rationally based in the county's stated concerns about enforcement and secondary effects and is not unconstitutional.

### 4. Vagueness

■ Plaintiffs' final argument is that Resolution 68–92 is unconstitutionally vague. "In this preenforcement context, we will 'uphold the [plaintiffs'] challenge only if the enactment is impermissibly vague in all of its applications.'" *Dodger's Bar*, 32 F.3d at 1443 (citation omitted). Legislation prohibiting particular conduct must "contain language that provides fair notice and warning and sets reasonably clear guidelines for those enforcing and adjudicating under the legislation." *Id.* (citing *Smith v. Goguen*, 415 U.S. 566, 572–73, 94 S.Ct. 1242, 1246–47, 39 L.Ed.2d 605 (1974)).

■ Further, "the prohibitions must be 'set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest.'" *Id.* (quoting *United States Civil Serv. Comm'n v. National Ass'n of Letter Carriers*, 413 U.S. 548, 579, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796 (1973)). In sum, to pass constitutional mus-

---

**3.** "Operator" is defined as "the owner, license holder, manager, person in charge or any person operating any licensed premises." Resolution 67–92, Chapter 1, Article II(D); Resolution 68–92, Chapter 2, Article II(E).

**4.** "Entertainer" means "any person who performs or presents entertainment at or upon any licensed premises for a fee, tip, compensation or other renumeration [sic], whether as an employee or contractor of the business establishment." Resolution 67–92, Chapter 1, Article III(B).

**5.** "Patrons" are defined as "any person who is a guest, member or customer on or in a licensed premises." Resolution 67–92, Chapter 1, Article III(E).

ter, the resolution must set out explicit standards for those who apply it and provide an adequate warning of what activities it proscribes. *Broadrick,* 413 U.S. at 606, 93 S.Ct. at 2912–13.

Plaintiffs characterize the resolution as vague because it provides police officers with unfettered discretion regarding the determination of: (1) what conduct violates the resolution; (2) whom to charge under the resolution; and (3) what geographic area is subject to regulation.

 With respect to the first of plaintiffs' vagueness challenges, Resolution 68–92 incorporates by reference the conduct delineated in Resolution 67–92. The Tenth Circuit held that Resolution 67–92 is not unconstitutionally vague with respect to the conduct regulated. *Dodger's Bar,* 32 F.3d at 1436. We need not revisit that issue.

 Next, plaintiffs argue that the "any person" language is unconstitutionally vague because the resolution does not provide clear guidelines about who may be charged for a violation of the statute. They stress that because criminal penalties are attached to a violation, an even greater degree of specificity is required. We acknowledge the heightened degree of specificity required of a statute where criminal sanctions are imposed.[6]

Nevertheless, even under this heightened standard, we do not find the term "any person" to be unconstitutionally vague. When read in context, the resolution provides reasonably clear guidelines for both enforcement and compliance, such that an ordinary person exercising ordinary common sense can sufficiently understand, either for compliance or enforcement purposes, the 1,000–foot provision as it relates to the rest of the AEC. Especially under the narrow construction given that portion of Resolution 68–92 by the court today, we do not believe the "any person" language is "impermissibly vague in all of its applications." *See Dodger's Bar,* 32 F.3d at 1443.

 Plaintiffs also argue that Resolution 68–92 is vague because the 1,000–foot limitation cannot be objectively measured. The 1,000–foot area is measured from the "licensed premises" or other "business premises."

"Licensed premises" is defined in Resolution 68–92, Chapter 2, Article II(D) as follows:

> any premises on which alcoholic or cereal malt beverages are sold or served for consumption on the premises pursuant to a license or permit issued by the State of Kansas, the County of Johnson or any other political subdivision or agency of the State of Kansas.

Based on this definition, "licensed premises" indicates a finite and specific area, i.e., the premises defined in the license or permit. Therefore, use of the term "licensed premises" provides reasonable guidance for enforcement and adjudication. The portion of the resolution regulating conduct within 1,000 feet of the licensed premises is, therefore, not unconstitutionally vague.

 However, the reference to 1,000 feet from "any other business premises" is more troublesome because it fails to provide definitive boundaries of the area to be regulated. The resolution defines "business premises" as:

> any premises used or occupied by a business establishment and shall include the land, buildings, structures, parking areas, and any other improvements and property.

Resolution 68–92, Chapter 2, Article II(C). This broad definition of "business premises" fails to identify a specific area from which the 1,000 feet may be measured. Law enforcement officers have no objective way of identifying the land, buildings, structures, parking areas or other improvements or property that are "used or occupied by a business establishment." Consequently, they must use unguided discretion to determine what constitutes the relevant 1,000 feet. We, therefore, declare that the portion of Resolution 68–92, Article III, Section 5, which re-

---

**6.** The Tenth Circuit fully discussed this concern in the context of the AEC in *Dodger's Bar,* 32

F.3d at 1444 n. 6.

fers to "other business premises," is unconstitutionally vague.

 Resolution 68–92, Article VI, Section 1 provides for severability if any portion of the chapter is found to be unconstitutional or otherwise void. Pursuant to this severability provision, the term "other business premises" will be severed from Resolution 68–92, Article III, Section 5.[7] This will remove any vagueness and uncertainty in defining the regulated area and will insure that officers are not given unfettered discretion in determining the area to be regulated.

IT IS THEREFORE ORDERED BY THE COURT that judgment is entered for the defendants on plaintiffs' claim for injunctive relief and declaratory judgment relating to Chapter 2, Article III, Section 5 of the AEC, Resolution 68–92.

---

7. The revised relevant portion of Chapter 2, Article III, Section 5 of Resolution No. 68–92 shall state:
... nor shall any person allow or permit such acts prohibited by Chapter 1 to occur in any room, building premises or place within 1,000 feet of a licensed premises covered by this Chapter.