**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 10/29/96**

**TENTH CIRCUIT**

DODGER'S BAR & GRILL, INC., a
corporation, d/b/a Bonita Flats Saloon,
RHONDI DAVIS, SHEILA KING,
ELIZABETH LUCAS, RHONDA
WHEELER, SERENA PARKER,
MELISSA JONES, MELISSA FINNEY,
CHERI DAVIDSON, TAMMY
SCHEUMEISTER, ANITA BOWER,
MARLEY WESTON, SUZY KELLY,
RACHAL WORKMAN, BROOKE UTZ,
DEBRA MANESS, GENA LILLY,
LAURIE BOYER, SHELLY STEWART,
VICKI SMITH, JESSICA ALLEN,
DEANNA HURST, BRENDA SHOOK,
CYNDI SCHMIDT, SUSAN PRINCE,
KRISTI MARTIN, ANGELA THOMAS,
DESIREE EDWARDS, ORISSA
HANSON, JACKIE ARNETT, ROBIN
PACKARD, NICOLE HESTAND, JANA
SULLINS, NANCY SESLER, HESTER
RAMEY, LEWANA DUNCAN, SANDY
WATSON, CHRISSIE MALLOY, TINA
L. SMITH,

      Plaintiffs-Appellants,

v.

JOHNSON COUNTY BOARD OF
COUNTY COMMISSIONERS,
JOHNNA (NMI) LINGLE, Chair,
Johnson County Commissioner, SUE E.
WELTNER, Johnson County
Commissioner, BRUCE R. CRAIG,
Johnson County Commissioner,

No. 95-3187

MURRAY L. NOLTE, Johnson County Commissioner, DAN (NMI) HOSFIELD, Johnson County Commissioner, FRED ALLENBRAND, Johnson County Sheriff, PAUL (NMI) MORRISON, Johnson County District Attorney,

Defendants-Appellees.

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
### (D.C. No. 92-2289-EEO)

---

Brock R. Snyder, Topeka, Kansas, for Plaintiffs-Appellants.

LeeAnne Hayes Gillaspie, Johnson County Legal Department, Olathe, Kansas, for Defendants-Appellees Board of County Commissioners, and Lawrence L. Ferree, III, and Ronald C. Rundberg of Ferree, Bunn & Byrum, Overland Park, Kansas, for Defendant-Appellee Fred Allenbrand, Johnson County Sheriff.

---

Before **Anderson**, **McWilliams** and **Engel**[*], Circuit Judges.

---

**McWILLIAMS, Senior Circuit Judge.**

---

This case originally was set for oral argument before this panel on May 13, 1996. On May 1, 1996, the parties filed with this court a stipulation for submission of the case on the briefs. On May 7, 1996, this panel, after examining the briefs and the appellate

---

[*]Honorable Albert J. Engel, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

record, determined that oral argument would not materially assist the decisional process. Accordingly, we construed the stipulation as a motion to strike the case from the oral argument calendar and to submit the case on the briefs. We then granted such motion and ordered the case to be submitted on the briefs. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.2.

Dodger's Bar & Grill, Inc., d/b/a Bonita Flats Saloon ("Bonita Flats"), and thirty-eight of its "entertainers," brought a civil rights action under 42 U.S.C. § 1983 in the United States District Court for the District of Kansas against the Board of County Commissioners of Johnson County, Kansas, and certain Johnson County officials. The plaintiffs sought a declaration by the district court that certain resolutions of the Board of County Commissioners enacting regulations for business establishments which serve alcohol or cereal malt beverages for consumption on the premises were unconstitutional. The plaintiffs also sought an injunction prohibiting the county officials from enforcing the resolutions here in question. Specifically, in their complaint the plaintiffs challenged the constitutionality of Resolutions 67-92 and 68-92. The defendants filed an answer to the complaint in which they alleged that the resolutions under attack were constitutional.

The case was tried to the district court, which upheld the constitutionality of Resolution 67-92, but did not rule on the plaintiffs' challenge to Resolution 68-92. *Dodger's Bar & Grill, Inc., v. Johnson County Bd. of County Comm'rs*, 815 F. Supp. 399 (D. Kan. 1993).

On appeal, we upheld the district court's holding that Resolution 67-92 was constitutional and affirmed the district court's entry of judgment for the defendants on plaintiffs' claims for injunctive relief and declaratory judgment. However, we remanded the case to the district court with directions that it rule on the constitutionality of Resolution 68-92. *Dodger's Bar & Grill, Inc., v. Johnson County Bd. of County Comm'rs,* 32 F.3d 1436 (10th Cir. 1994).

On remand, after the parties filed supplemental briefs, the district court, taking into consideration the evidence adduced at the first trial of this matter, upheld the constitutionality of Resolution 68-92 and entered judgment for the defendants on plaintiffs' claims for injunctive relief and declaratory judgment. *Dodger's Bar & Grill, Inc., v. Johnson County Bd. of County Comm'rs,* 889 F. Supp. 1431 (D. Kan. 1995). Plaintiffs appeal that judgment. We affirm.

We are in general accord with the district court's holding that Resolution 68-92 is constitutional and we affirm its judgment denying the plaintiffs both declaratory and injunctive relief. Such being the case, we do not propose a prolix opinion in the present appeal. There are already three published opinions concerning Bonita Flats' dispute with Johnson County, two by the district court and one by this court. Therefore, the background facts have already been fully set forth and will not be unnecessarily repeated here.

As indicated, in 1992, the Board of County Commissioners of Johnson County

- 4 -

decided to regulate the "entertainment" to be permitted or allowed on premises where alcoholic beverages or cereal malt beverages were served. Resolution 68-92 has an "applicability" provision, which read as follows:

> This Chapter shall apply from and after its effective date to all persons and all property located within the unincorporated area of Johnson County, Kansas and shall be applicable to any business establishment, whether licensed or not, now located or hereafter locating within or upon any property located in the unincorporated area of Johnson County, Kansas, which serves alcoholic beverages or cereal malt beverages for consumption on the premises, and to any operator of any such establishment.

In *Dodger*, 32 F.3d 1436 (10th Cir. 1994), we upheld the constitutionality of Resolution 67-92 on the basis of the Twenty-First Amendment, rejecting the plaintiffs' suggestion that the controversy involved the First Amendment.[1]  The particular provisions of Resolution 67-92 there under attack were the following:

ARTICLE IV.  <u>PROHIBITED CONDUCT</u>

SECTION 1.  Nudity and Sexual Conduct Prohibited.

> A.  No person shall, on licensed premises, perform acts of or acts which constitute or simulate:
> > (1) Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law; or
> > (2) The touching, caressing or fondling of the breast, buttocks, anus, or genitals; or

---

[1] In so doing, we relied on *New York State Liquor Auth. v. Bellanca*, 452 U.S. 714 (1981) and *California v. LaRue*, 409 U.S. 109 (1972).

(3) The displaying of post-pubertal human genitals, buttocks, or pubic area, or the female breast below the top of the nipple.

B.  No person shall, on licensed premises, use artificial devices or inanimate objects to perform, simulate or depict any of the prohibited conduct or activities described in paragraph A of this Section.

C.  It shall be unlawful for any person to show, display or exhibit, on licensed premises, any film, video, still picture, electronic reproduction or any other visual reproduction or image of any act or conduct described in paragraphs A and B of this Section.

SECTION 2.  Allowing Persons to Engage in Prohibited Acts.

A.  No operator shall allow or permit to remain in or about the licensed premises any person who performs acts of or acts which constitute or simulate:

(1)  Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law; or

(2) The touching, caressing or fondling of the breast, buttocks, anus or genitals; or

(3) The displaying of post-pubertal human genitals, buttocks, or pubic area, or the female breast below the top of the nipple.

As indicated, in *Dodger,* 32 F.3d 1436 (10th Cir. 1994), we upheld the

constitutionality of Resolution 67-92 and remanded the case to the district court with

directions that it rule on the constitutionality of Resolution 68-92.  That resolution, in pertinent part, provides as follows:

> SECTION 5.  <u>SEPARATE PREMISES</u>.  No operator shall allow or permit any door, window, or other entrance or opening leading directly to or through an enclosed area from an establishment serving alcoholic beverages for consumption on the premises to another room, building, premises or place wherein or whereon acts prohibited by Chapter 1 of this Code can or do occur; <u>nor shall any person allow or permit such acts prohibited by Chapter 1 to occur in any room, building, premises or place within 1,000 feet of a licensed premises or other business premises covered by this Chapter</u>; nor shall an operator allow or permit such acts prohibited by Chapter 1 to occur in any room, building, premises or place operated in conjunction with a licensed or other business premises covered by this Chapter (emphasis added).

As we understand it, the plaintiffs do not challenge the first or third clauses in the paragraph of the above set forth statute, but confine their challenge solely to the second clause thereof, which has been underlined.

We agree with the district court that "the focal point of Resolution 68-92, [and we note, parenthetically, of Resolution 67-92] is the premises on which the alcohol is served." *Dodger*, 889 F. Supp. at 1435.  The first clause in Section 5 of Resolution 68-92 provides that an operator shall not allow or permit any door, window or other entrance leading to an enclosed area from an establishment serving alcohol beverages to another room or building wherein acts prohibited by Chapter One of the Adult Entertainment Code occur.  Plaintiffs do not challenge that particular provision, nor do they challenge the third clause in Section 5.  They only take aim at the second clause in Section 5 which

- 7 -

provides as follows:

> nor shall any person allow or permit such acts prohibited by Chapter
> 1 to occur in any room, building, premises or place within 1,000 feet
> of a licensed premises or other business premises covered by this
> Chapter;

The obvious purpose of the foregoing provision is to prohibit bar owners, entertainers or patrons from setting up a nearby trailer, recreational vehicle or other separate structure and to therein engage in conduct which is prohibited inside the licensed premises. We agree with the district court that there is a "reasonable relationship" between the area immediately adjacent to the licensed premises and the licensed premises and that Resolution 68-92 is within the ambit of the Twenty-First Amendment and the police power of the State of Kansas.

The plaintiffs' remaining arguments that Resolution 68-92 is overbroad, vague, and violative of equal protection are unavailing under the general rationale of our prior opinion. *Dodger's Bar & Grill v. Johnson County Bd. of County Comm'rs*, 32 F.3d 1436 (10th Cir. 1994). We agree with the district court that the "any person" language appearing in the second clause of Resolution 68-92 "can be read as limited to 'operators,' 'entertainers,' or 'patrons' of the regulated establishment." *Dodger*, 889 F. Supp. at 1437 (footnotes omitted). We further agree with the district court that, after considering both resolutions, the Johnson County Adult Entertainment Code "is clearly directed at regulating the conduct of operators, entertainers, and patrons of establishments which sell

liquor for on-premises consumption."[2] *Dodger*, 889 F. Supp. at 1437.

Finally, in connection with plaintiffs' suggestion that the 1,000 foot restriction is "too much," it should be remembered that we are not here concerned with a densely populated urban area. In their brief, plaintiffs described the location of Bonita Flats as follows:

> Bonita Flats is located in a rural area next to a grain mill, railroad tracks and three homes across from the railroad tracks. The remaining area is surrounded by pasture with the nearest neighbor approximately a mile away.

Aplt's Br. at 4.

Judgment affirmed.

---

[2]In its Memorandum and Order the district court did declare the "other business premises" language in the second clause of Section 5 to be "unconstitutionally vague." However, under the severability clause in Resolution 68-92, providing that if particular language in the resolution is declared unconstitutional such would not affect the balance of the resolution, the district court severed those three words. That holding of the district court has not been appealed, or cross-appealed.